IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARBARA MARIE GALLAHER, | |
| Appellant, | Civil Action No. 7:16CV00560 |
| v. | **MEMORANDUM OPINION** |
| GINGER LARGEN, Chapter 7 Trustee, | By: Hon. Glen E. Conrad |
| Appellee. | Chief United States District Judge |

This matter is before the court on appeal from the United States Bankruptcy Court for the Western District of Virginia. For the following reasons, the appeal will be dismissed pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure.

## Background

On November 7, 2016, the bankruptcy court denied Barbara Marie Gallaher's motion for entry of an order vacating a judgment lien. On November 15, 2016, Gallaher filed a notice of appeal from the bankruptcy court's decision. The appeal was transmitted to this court on November 30, 2016. The transmittal notice indicated that Gallaher had not paid the required filing fee. Additionally, Gallaher failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented to this court, as required by Federal Rule of Bankruptcy Procedure 8009.

On December 16, 2016, this court entered an order requiring Gallaher to show cause why her appeal should not be dismissed for failure to timely comply with the procedural prerequisites for prosecuting her appeal. She was given fourteen days to remedy the deficiencies outlined in the order or provide good cause for her failure to do so. Gallaher was advised that failure to comply with the order would result in dismissal of the appeal.

After the order was entered, the bankruptcy clerk located a check that Gallaher had mailed to the bankruptcy court. However, the bankruptcy clerk was unable to process the check because Gallaher, believing that it was lost, had requested that the bank stop payment on the check. Gallaher recently advised the bankruptcy clerk that she is not going to submit a replacement check or file anything further in the case. She has not filed a response to the court's previous order and the time for doing so has expired.

## Discussion

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1). The designation and statement must be filed within 14 days after the appellant files her notice of appeal. Id.

Moreover, Rule 8003 requires an appellant to pay a prescribed fee. Fed. R. Bankr. P. 8003(a)(3)(C). Rule 8003 also states that "[a]n appellant's failure to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bank. P. 8003(a)(2). Therefore, failure to pay the required filing fee or file the required designation of record can warrant dismissal. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a)(2), "it must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." Id. (citing In re Serra Builders, Inc., 970 F.2d 1309, 1311

2

(4th Cir. 1992)). The United States Court of Appeals for the Fourth Circuit has emphasized that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." Serra Builders, 970 F.2d at 1311. Nonetheless, it is clear from existing precedent that an appellant's failure to comply with procedural requirements may lead to dismissal of an appeal. See id. (affirming the dismissal of an appeal where the appellant negligently filed the designation of record fifteen days late).

In this case, Gallaher filed her notice of appeal on November 15, 2016. On November 30, 2016, the bankruptcy clerk notified this court that the appellant had not paid the filing fee or filed a designation of the items to be included in the record on appeal as required by the Federal Rules of Bankruptcy Procedure. On December 16, 2016, this court gave the appellant notice and an additional opportunity to perfect her appeal. Gallaher affirmatively elected not to respond, and the time for doing so has expired. After considering the impact of the sanction and available alternatives, as well as the prejudicial effect of the delay, the court finds that the appeal must be dismissed.

### Conclusion

For the reasons stated, this appeal will be dismissed pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 3rd day of January, 2017.

_____
Chief United States District Judge